1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

UNITED STATES OF AMERICA,

12

Plaintiff,

13

vs.

14
15

JESUS AVENDANO,

16

Defendant.

CASE NO. 12-CV-1495
related CASE NO. 5-CR-1484

ORDER
(1) DENYING PETITIONER'S
MOTION FOR TIME REDUCTION
PURSUANT TO 28 U.S.C. § 2255
AND
(2) DENYING CERTIFICATE OF
APPEALABILITY

17
18

Petitioner Jesus Avendano filed a motion for reduction of time pursuant to 28 U.S.C. § 2255.

19

He seeks relief on the grounds that due to his alien status he is ineligible for a one year reduction of

20

sentence through a drug program, an early release to a half-way house, or a Unicor job. [Pet. At 2.]

21

Petitioner argues that the availability of these programs to United States citizens but not to aliens

22

violates the Equal Protection Clause of the Fourteenth Amendment, deprives him of Due Process

23

under the Fifth Amendment, and violates the Equal Rights Act of 1964.[1] [*Id.*]

### BACKGROUND

24
25

Petitioner pleaded guilty to conspiracy to distribute 50 grams and more of

26
27
28

---

[1] Petitioner submitted a three page Petition, in which he simply lists the Constitutional clauses and states that an alien is deprived of benefits and privileges available to United States citizens. In addition, Petitioner states that he was arrested in August of 2011 and sentenced to 33 months in custody. A review of the record indicates that he was arrested in August of 2005 and sentenced to 108 months in custody on February 26, 2007. [Doc. 96.]

methamphetamine (actual) in violation of 21 U.S.C. § 846, which carries a maximum sentence of up to life in prison and a mandatory minimum sentence of 10 years in prison. [Doc. 44.]  As part of his plea agreement, Petitioner waived any right to appeal or collaterally attack his conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement. [Doc. 44.]  The parties jointly recommended a base offense level under the United States Sentencing Guidelines (U.S.S.G.) of 36 with downward adjustments of three points for acceptance of responsibility and two points if Petitioner met the requirements for the "Safety Valve" provision of U.S.S.G. § 5C1.2. resulting in an offense level of 31 and a guideline range of 108 to 135 months in custody. [Docs. 44 & 63.]  The Government agreed to recommend that Petitioner be sentenced to the low end of the guideline range found by the court. [Doc. 44.] Petitioner was sentenced to 108 months in the Bureau of Prisons ("BOP"). [Docs. 97-98.]

## DISCUSSION

Section 2255(a) authorizes a district court to "vacate, set aside or correct " a sentence of a federal prisoner that "was imposed in violation of the Constitution or a laws of the United States." The Rules governing § 2255 require dismissal of a motion under that section if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.  Rule 4, 28 U.S.C. foll. § 2255. Similarly, if the record clearly indicates that a petitioner does not have a claim or that he has asserted no more than conclusory allegations unsupported by facts and refuted by the record, a district court may deny a motion without an evidentiary hearing.  *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

As a preliminary matter, it appears that the present Petition is untimely.  However, even if Petitioner were able to show that his Petition is timely, this Court lacks jurisdiction to consider his collateral challenge to his sentence because he waived his appellate and collateral attack rights.

A knowing and voluntary waiver of a statutory right is enforceable.  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).  The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985

F.2d 1012, 1014 (9th Cir. 1993).  Thus, if Petitioner's plea agreement waiver is valid, this Court lacks jurisdiction to consider his collateral challenge to his sentence.  *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).  The sole test of a waiver's validity is whether it was made knowingly and voluntarily.  *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 1068).

Petitioner does not raise any challenges to the knowing and voluntary nature of his plea. The plea agreement contains a provision certifying that Petitioner read the agreement (or had it read to him in his native language) and that Petitioner discussed its terms with his defense counsel and fully understood its meaning and effect. [Doc. 44, at 13:20-24.] It also contains a provision certifying that the plea was knowing and voluntary. [*Id.* at 6:26 - 7:12.]  Petitioner was sentenced to the low end of the range jointly recommended by the parties, calculated by his own counsel, and in accordance with his negotiated plea agreement. [Docs. 44, at 10, & 63, at 5.] Accordingly, Petitioner's waiver applies and this Court lacks jurisdiction to consider his Petition.  *See Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005).

Even assuming Petitioner had not waived his right to collaterally attack his sentence, his claims would fail on the merits. His due process claim fails because BOP rules excluding prisoners with Immigration and Naturalization Service ("INS") detainers from sentence reduction through participation in community based treatment programs do not deprive alien prisoners of due process. *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999) (Denial of a sentence reduction dies not impose atypical and significant hardship on an inmate in relation to ordinary incidents of prison life and prisoners do not have a liberty interest in the discretionary sentence reduction. (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995))).

Similarly, the denial of certain benefits to alien prisoners does not violate the Equal Protection Clause.  Petitioner has not alleged that he has an INS detainer.  Nor has he cited the particular programs to which he claims to have been denied access. Rather he states that a citizen is "entitled to different privileges due to his or her origin like one year reduction of sentence through a drug program three months half-way house to prepare to re-assimilate, a Unicor job,

1  with good wages and other benefits [sic]." This Court acknowledges that, had Petitioner not

2  waived his right to collaterally attack his sentence, these details would become important to the

3  outcome of this decision. Nonetheless, because Petitioner is an alien and has been convicted of a

4  drug offense rendering him subject to deportation upon release from custody, Petitioner's

5  circumstances are identical to that of the appellants in *Crabtree*.[2] The *Crabtree* court decided that

6  "prisoners with detainers" is not a suspect class, 173 F.3d at 1186. Therefore, excluding prisoners

7  from certain programs on that basis was subject only to the rational basis test and its presumption

8  of validity. *Id.* Because the BOP has a valid concern that prisoners with detainers pose a flight

9  risk during community based treatment programs, excluding such prisoners does not violate the

10 Equal Protection clause. *Id.* Likewise, Petitioner, due to his status as a deportable alien, would

11 pose a potential flight risk and can be excluded from various programs and benefits on that basis.

12 As to his contention that he has been denied a Unicor job, "'[i]t is not an equal protection violation

13 to allow United States citizen-inmates, who must re-enter domestic society, to participate in

14 rehabilitative or other programs while denying that privilege to deportable inmates.'" *Patterson-*

15 *Romo v. United States* 2012 WL 2060872 at *3 (denying an identical petition) (quoting *Rendon-*

16 *Inzunza v. United States*, 2010 WL 3076271, at *1.)

17                                    **CONCLUSION**

18        For the foregoing reasons, Petitioner's motion for sentence reduction under 28 U.S.C. §

19 2255 is DENIED. Because Petitioner has not made a "substantial showing of the denial of a

20 constitutional right this Court also DENIES a certificate of appealability. *See* 28 U.S.C.

21 §2253(c)(2).

22        **IT IS SO ORDERED.**

23        DATED:  June 28, 2012

24        _____
          M. James Lorenz

25                                    United States District Court Judge

26

27        [2] *Crabtree* analyzed the constitutionality of 18 U.S.C. § 3621, which provides for discretionary
          sentence reduction of up to one year for certain prisoners who successfully complete a treatment
28        program, in conjunction with Bureau of Prisons Regulations which exclude aliens with INS detainers
          from participation in residential treatment programs.